UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JIGISHABEN SIDHPURA,                    Case No: 5:25-cv-00179-JSM-PRL

     Plaintiff,

v.

ATMARAM, INC. d/b/a
DAIRY QUEEN,
and SAMIR MALEK, Individually,

     Defendants.

_____/

## MOTION FOR COMPULSORY JOINDER OF NICKUNJ SIDHPURA AS DEFENDANT AND MEMORANDUM OF LAW

Defendants, ATMARAM, INC. d/b/a DAIRY QUEEN, and SAMIR MALEK (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 19, respectfully request this Honorable Court to join Nickunj "Nick" Sidhpura ("Sidhpura") as a necessary Defendant to this action, and in support thereof states the following:

### I.    BACKGROUND

On March 17, 2025, Plaintiff instituted this action under the Fair Labor Standards Act ("FLSA") against the Defendants for unpaid overtime pay. During the ongoing discovery, Defendants became acutely aware of the need to add Nickunj Sidhpura as he was the sole shareholder with direct control over Plaintiff

1

and is the person most knowledgeable to Plaintiff's work conditions. Defendant Atmaram, Inc. d/b/a Dairy Queen ("Atmaram") is a joint venture with Sidhpura. At all material times, Mr. Sidhpura was part owner/corporate officer of Atmaram and Operating Manager of the location where Plaintiff was employed. *See* Ex. 1, Atmaram, Inc. d/b/a Dairy Queen's 2024 Scheduled K-1. Mr. Sidhpura was the sole partner who resided in Florida.

Notably, Plaintiff was supervised and managed directly by Mr. Sighpura, who exercised control over the terms and conditions of Plaintiff's employment, including but not limited to her daily schedule, assignment or hours, and method of compensation. Mr. Sidhpura was responsible for maintaining and approving her work hours and ensuring compliance with wage-and-hour requirements. Under the FLSA, liability extends to any individual who exercised operation control or supervision over an employee's work conditions. *See* 29 U.S.C § 203 (d). Accordingly, any judgment rendered in this action without Mr. Sidhpura's participation would impair Defendants' interests and potentially expose Defendant to inconsistent obligations

## II. MEMORANDUM OF LAW

### a. LEGAL STANDARD

Federal Rule of Civil Procedure 19(a) requires joining persons whose absence would prevent complete relief among existing parties or who claim an

www.spirelawfirm.com

interest in the subject matter of the action such that (i) their absence would impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. Pro. 19. "The ultimate test" for whether a defendant is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff. *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). "'A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983). To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee. *Id.* at 638.

### b.  L<small>EGAL</small> A<small>RGUMENT</small>

Nickunj Sidhpura is a necessary and indispensable party under Rule 19(1)(a) because complete relief cannot be afforded among the existing parties without joinder. Sidhpura is personally liable for the damages Plaintiff is claiming under the FLSA. The evidence obtained in discovery thus far demonstrates that Sidhpura exercised direct operational control over Plaintiff's

employment, including supervision, scheduling, and compensation. As such, he qualifies as an "employer" under the FLSA. *See* 29 U.S.C § 203 (d); *Patel,* 803 F.2d, 638. Moreover, Rule 19(a)(1)(A) requires the joinder of any person whose absence would prevent the Court from affording complete relief among existing parties.

Here, Plaintiff seeks damages for unpaid overtime. Sighpura's absence would prevent the Court from fully adjudicating all issues of liability and damages because Mr. Sidhpura shared ownership and managerial responsibility with Defendants and directly controlled the terms and conditions of Plaintiff's employment. More importantly, he was the sole partner who had day-to-day responsibility and operational control of the restaurant. All other partners, including Defendant Malek, were absentee partners who resided out of state. The other partners, including Defendant Malek, visited the restaurant infrequently—about once a year. Yet, Sidhpura was present daily at the restaurant overseeing its operations and its staff. In fact, Sighpura was responsible for submitting Plaintiff's payroll and paying her fairly for her hours worked. Therefore, Mr. Sidhpura is the true party responsible under the FLSA, as he directly controlled and supervised Plaintiff's employment.

Furthermore, under Rule 19(a)(1)(B), proceeding without Sidhpura

4

would impair or impede his ability to protect his interests in this litigation and expose Defendants to the risk of inconsistent obligations. Any judgment rendered in his absence could later be challenged or lead to duplicative proceedings involving the same operative facts. The FLSA's broad definition of "employer" ensures that all individuals who shared control over employment conditions are properly before the Court to avoid inconsistent or incomplete adjudication. *See Donovan v. Agnew*, 712 F.2d at 1514 (holding that corporate officers with substantial control over employment terms are proper defendants in FLSA actions). Accordingly, Mr. Sidhpura's participation is essential to resolve all issues related to Plaintiff's alleged employment and to ensure a final judgment consistent with equity and good conscience. His joinder will promote judicial efficiency, prevent inconsistent results, and protect all parties' rights under Rule 19. Joinder will also ensure that all individuals potentially liable under the FLSA are properly before the Court.

### III.   PRAYER OF RELIEF

For the foregoing reasons, Defendants respectfully request that this Court enter an Order:

(1) Requiring joinder of Nickunj "Nick" Sidhpura as a defendant in this action pursuant to Rule 19; and

(2) Granting such further relief as the Court deems just and proper.

www.spirelawfirm.com

## Local Rule 3.01 (g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion on October 8, 2025. Plaintiff's counsel opposes the requested relief.

Dated this 8th day of October, 2025.

Respectfully submitted,

Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By:*/s/ Jesse Unruh*
Jesse Unruh, Esquire
Florida Bar # 93121
Monica Monsalve-Burr
Florida Bar #1031295
(407) 494-0135
jesse@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of October, 2025, the foregoing was electronically filed through the CM/ECF system, which will send a notice to

Daniel Havican, Esq.
Troy Longman, Esq.

www.spirelawfirm.com

Florin Gray
16524 Pointe Village Drive
Suite 100
Lutz, FL 33558
dhavican@floringray.com
ddelarosa@floringray.com
tlongman@floringray.com
*Attorneys for Plaintiff*

/s/ Jesse Unruh
Attorney

www.spirelawfirm.com